Bryan H. Booth (#07471)
FETZER BOOTH, PC
50 West Broadway, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 328-0266
bryan@mountainwestlaw.com
   *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HERCULES INDUSTRIES, INC., a Colorado corporation,<br><br>   Plaintiff,<br><br>v.<br><br>YOGAPIPE, INC., a Delaware corporation,<br><br>   Defendant. | **COMPLAINT**<br><br>Case No.<br><br>Judge:<br><br>Magistrate Judge: |

     Plaintiff, Hercules Industries, Inc., through counsel, Fetzer Booth, PC, for its Complaint against the Defendant, states as follows:

### PARTIES, JURISDICTION AND VENUE

     1.    Plaintiff is a Colorado corporation in good standing. The plaintiff is engaged in the business of supplying HVAC and other construction materials to contractors in the western United States.

     2.    Defendant is a Delaware corporation, with its main place of business located in the state of Massachusetts. Defendant is engaged in the business of selling and distributing HVAC piping materials in North and South America and the Middle East.

3.      This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of 28 U.S.C. § 1332(a), as the action is between residents of different states or countries resulting in proper diversity and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.      This Court has personal jurisdiction over Defendant, as the claims asserted in the Complaint arise out of Defendant's conduct of business in the State of Utah.  Exercise of personal jurisdiction over Defendant is proper under the minimum contacts principles enunciated in *International Shoe* and the Utah Long-Arm Statute, U.C.A. § 70B-3-205.

5.      Venue is appropriate in the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates the allegations set forth in paragraphs 1 through 5 above, as if fully set forth herein.

7.      In or about August-September 2019, Defendant sold a quantity of piping material known and marketed as Yoga Pipe to Plaintiff.  On information and belief, Defendant had purchased the yoga pipe from its manufacturer, WRW Westfaehlische Rohrwerke GmbH ("WRW"), a firm organized and operating in the Federal Republic of Germany.

8.      In or about September 2019, Plaintiff sold a quantity of the Yoga Pipe piping material purchased from Defendant to Utah Mechanical Contractors, Inc. ("UMC").  UMC utilized the Yoga Pipe piping material purchased from Plaintiff in an HVAC system which it installed during construction of an apartment building complex located in Salt Lake City, Utah.

9. The Yoga Pipe piping material which Plaintiff purchased from Defendant, and sold to UMC, was defectively designed and manufactured and was not fit for the purpose for which Defendant marketed and sold it. Shortly after completion of the apartment building complex, the piping material which UMC had installed in the complex failed, causing extensive damage to the complex. UMC expended substantial sums in remediating the damage to the complex caused by the defective pipe.

10. UMC has asserted a claim against Plaintiff for indemnity for its expenses incurred in remediating the damage to the apartment complex in Salt Lake City, in the approximate amount of $570,000. Plaintiff has paid substantial sums to UMC toward settlement of UMC's claim.

11. WRW filed for bankruptcy protection in the German courts in or about June 2020. On information and belief, WRW's bankruptcy proceeding remains pending.

**FIRST CLAIM FOR RELIEF**
**(Breach of Implied Warranties)**

12. Plaintiff incorporates the allegations set forth in paragraphs 1 through 11 above, as if fully set forth herein.

13. Defendant impliedly warranted that the Yoga Pipe piping material which Defendant sold to Plaintiff was of merchantable quality and fit for use as a component of a commercial HVAC system.

14. The Yoga Pipe piping material which Defendant sold to Plaintiff was not of merchantable quality and was not fit for its intended and foreseeable use in a commercial HVAC system.

15. As a direct and proximate result of Defendant's breach of its implied warranties of merchantability and fitness for a particular purpose, Plaintiff has suffered damages, injuries and losses.

## SECOND CLAIM FOR RELIEF
### (Indemnity)

16. Plaintiff incorporates the allegations set forth in paragraphs 1 through 15 above, as if fully set forth herein.

17. Plaintiff has remitted monies to UMC toward settlement of its obligation to UMC arising out of the damages and losses incurred by UMC as a result of the defective condition of the Yoga Pipe piping material which Plaintiff sold to UMC and which UMC installed in the apartment building complex in Salt Lake City, Utah.

18. Defendant, as the primary distributor of the Yoga Pipe piping material which Plaintiff sold to UMC, is primarily liable for the damages and losses incurred by UMC as a result of the defective condition of the Yoga Pipe piping material which it installed in the apartment building complex in Salt Lake City, Utah.

19. Plaintiff is entitled to indemnity from Defendant for the sums which Plaintiff has remitted to UMC in satisfaction of its obligations, described above.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant for compensatory damages in an amount to be determined at trial, for indemnity as provided by law, for prejudgment interest as provided by statute, for costs of this action, together with any such other and further relief as the Court deems just.

DATED this 10th day of January, 2022.

                           FETZER BOOTH, PC

                           */s/ Bryan H. Booth*
                           *Attorneys for Plaintiff*